**AFFIRM and Opinion Filed March 3, 2021**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-20-00064-CR**

**LOUIS JAMES BROWN, III, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-83597-2019**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Nowell

A jury convicted Louis James Brown, III of stalking and sentenced him to nine years' incarceration. At trial, appellant chose to represent himself, and the court appointed standby counsel. He proceeds pro se on appeal. In his brief, appellant complains about the original indictment, re-indictment, and amendment of the re-indictment; argues the State failed to provide evidence to him; asserts his standby counsel tampered with evidence and failed to bring evidence to court as he requested; and argues his standby counsel was ineffective. We affirm the trial court's judgment.

## I.  Procedural Background

This case began when an indictment, the "re-indictment," was filed on September 5, 2019.[1]  On November 6, 2019, the State filed a motion to amend the indictment to correct a clerical error, and the trial court granted the motion.  The case proceeded to trial on the amended indictment, and the jury convicted appellant.  This appeal followed.

Appellant's issue statement lists seven issues:

1. Did the Grand jury vote to true bill the appellant and were proper procedure followed?
2. Was the indictment invalid?
3. No Service of any indictment[.]
4. Procedures of timely valid indictments[.]
5. Procedures of Re-indictments and Amended indictments[.]
6. Tampering with and Suppression of Evidence/Violation of Due Process[.]
7. Ineffective Assistance of Counsel[.]

## II.  Indictments

In his first, second, and third issues, appellant appears to raise concerns related to the original indictment that was filed in a different cause number.  That original cause number is not part of this appeal, and issues related to anything that occurred in that case are not before us as part of this appeal.   Therefore, there is nothing for us to consider related to the original indictment.

---

[1] According to the parties, appellant initially was indicted in February 2019, but that indictment was filed in a different cause number and was dismissed.  The re-indictment was assigned a new cause number, and it is that case that is before us in this appeal.  Because the original indictment was filed in a different cause number, any complaints appellant has about that indictment are not before us in this appeal.

## III. Waiver

Appellant failed to adequately brief each of his issues. Although we construe pro se pleadings and briefs liberally, a pro se litigant is required to follow the same rules and laws as litigants represented by a licensed attorney. *See Williams v. State*, No. 05-12-01015-CR, 2013 WL 4033640, at *2 (Tex. App.—Dallas Aug. 7, 2013, pet. ref'd) (mem. op., not designated for publication).

Pursuant to Texas Rule of Appellate Procedure 38.1, an appellant's brief must contain, among other things, the following:

> (i) *Argument*. The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.

TEX. R. APP. P. 38.1(i). Appellant's brief does not contain clear and concise arguments for any of the issues raised nor does the brief contain citations to the clerk's record or reporter's record.[2] Appellant does not support his argument with appropriate citations to authorities, but instead provides summaries of legal authorities without connecting those authorities to facts in the record or his arguments.

Appellant includes documents within his brief that he believes support each of his arguments. Some of those documents are part of the record, but many others

---

[2] Appellant filed his brief before the reporter's record was filed. After the reporter's record was filed, appellant filed a supplemental brief and a reply brief. Neither of these documents includes any record citations; they also do not present clear and concise arguments in support of appellant's issues.

are not. *See Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004) (an appellate court's review of the record is generally limited to the evidence before the trial court at the time of the trial court's ruling).

Having reviewed appellant's brief, supplemental brief, and reply brief, we conclude appellant failed to adequately brief any of his arguments. *See* TEX. R. APP. P. 38.1. When, as here, a party fails to adequately brief a complaint, the complaint is waived on appeal. *See Swearingen v. State*, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003). Therefore, we conclude appellant waived each of his complaints on appeal.

## IV.  Conclusion

None of appellant's issues is adequately briefed. *See* TEX. R. APP. P. 38.1. Accordingly, we affirm the trial court's judgment.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
200064F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LOUIS JAMES BROWN, III,
Appellant

No. 05-20-00064-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-83597-
2019.
Opinion delivered by Justice Nowell.
Justices Molberg and Reichek
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of March, 2021.